# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| AHMAD RASHAD GILL, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:18-cv-50 |
| v. | * | |
| JAMES DEAL; EDWINA JOHNSON; TARAN TODMAN; AUSTIN ADAMS; and WICKER, | * | |
| Defendants. | * | |

## ORDER

The Court has conducted an independent and *de novo* review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 5. The Court has additionally considered Plaintiff's Objections to the Report and Recommendation, dkt. no. 6, and Plaintiff's Motion to Amend Complaint, dkt. no. 7. For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, and **DENIES** Plaintiff's Motion to Amend.

The Magistrate Judge recommended the Court dismiss Plaintiff's complaint for failure to exhaust all administrative remedies. In his Objections, Plaintiff argues he should not be

required to fully exhaust his administrative remedies because exhaustion would be futile. Dkt. No. 7, p. 1. Plaintiff asserts he "did as much as [he] could" to exhaust his administrative remedies. Id. According to Plaintiff, Ware State Prison officials, after responding to Plaintiff's grievance, failed to give Plaintiff any paperwork informing him that he could appeal the decision. Id.

In addition to his Objections, Plaintiff also filed a Motion to Amend Complaint, dkt. no. 7. In this Motion, Plaintiff seeks to add a new claim against Ware State Prison based on "another incident that occurred on Saturday, May 14, 2017[.]" Id. Outside of adding this new claim and new defendant, Plaintiff does not seek to make any modifications or changes to his initial Complaint.

The Prison Litigation Reform Act ("PRLA") requires prisoners fully exhaust all administrative remedies before filing an action with the court. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 217 (2007). "[A]s long as there is the possibility of at least some kind of relief[,]" all administrative remedies—including appeals—must be exhausted. Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting Ross v. County of Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004). Exhaustion is a statutory requirement that courts

AO 72A (Rev. 8/82)

have no discretion to waive. Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008). Notably, the "exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile."[1] Higginbottom v. Carter, 223 F.3d 1260, 1261 (11th Cir. 2000); Kazemi v. Pugh, No. CV 306-094, 2007 WL 601757, at *2 (S.D. Ga. Feb. 16, 2007). However, incarcerated individuals are not required to exhaust administrative remedies which are unavailable to them. Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008).

Accepting as true Plaintiff's allegation that prison administrators did not inform him of the appeals process, Plaintiff still failed to exhaust administrative remedies. Plaintiff does not allege that prison officials provided incorrect information about the appeals procedure nor does he assert that he requested information about appealing his grievance and was denied. Rather, Plaintiff simply argues that prison officials did not take affirmative steps to ensure Plaintiff, individually, knew appealing was an available option. Moreover, Plaintiff would have learned of the possibility of appealing an adverse decision while drafting his Complaint. This Court's own form, which Plaintiff filled out to file his

---

[1] Plaintiff cites two cases in support of the futility exception for exhaustion: Terrell v. Brewer, 933 F.2d 1015 (9th Cir. 1991), and McCarthy v. Madigan, 503 U.S. 140 (1992). Both cases were decided before Congress enacted the PRLA.

3

original Complaint, explicitly asks would-be litigants whether they filed a grievance with the prison and whether they appealed adverse decisions "to the highest level possible in the administrative procedure[.]" Dkt. No. 1, pp. 3-4. Instead of seeking out information about appealing the original grievance, Plaintiff simply checked "no" and filed his Complaint. Id. Plaintiff fails to provide any new information in his Objections or Motion to Amend which would alter the Magistrate Judge's original finding. The pleadings still demonstrate that Plaintiff failed to exhaust all available administrative remedies.

The Report and Recommendation explicitly provided Plaintiff "the opportunity to amend his Complaint to correct the deficiencies noted herein." Dkt. No. 2, p. 1 n.1. Plaintiff's Motion to Amend does not address or correct any deficiencies but rather seeks to add a new claim and new defendant to his original Complaint. As Plaintiff cannot continue his original action, the Court **DENIES** his Motion to Amend. If Plaintiff wishes to proceed with this new claim, he may do so by filing a separate action.

## CONCLUSION

The Court, therefore, **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the

AO 72A
(Rev. 8/82)

opinion of the Court. The Court **DENIES** Plaintiff's Motion to Amend, dkt. no. 7.

**SO ORDERED**, this 14 day of December, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)